## DANIEL W. LORD *versus* JOSEPH E. WILLARD.

The defendant wrote the plaintiff, — " Let E. W. have what flour he may want, on commission, and I will be responsible for the amount sold by him, for you, on commission." Such an agreement will not sustain assumpsit for goods sold and delivered to the defendant, as it is not a contract for the *purchase* of goods, nor authority *to sell* any to E. W. on his account.

EXCEPTIONS from the ruling of APPLETON, J.

This was an action of ASSUMPSIT, upon the written agreement of the defendant with the plaintiff, dated January 15, 1853, in these words; — " Let my brother, Evat Willard, have what corn and flour he may want, on commission, and I will be responsible for the amount sold by him, for you, on commission." This writing was read in evidence without objection. The plaintiff was then called by his counsel and testified that, in the summer of 1853, he delivered to Evat Willard corn and flour to the amount of about $1500. They were sold and delivered on the defendant's credit. *That*, Evat Willard was a man of no property or responsibility; he had refused to give him credit. Sold the goods on the credit of the defendant.

The plaintiff further testified, that he received the writing of the defendant, from Evat Willard, immediately after its date. That he has received payments, at several times, of Evat Willard. The last goods delivered to said Evat was on May 12, 1853.

The writ contained a count for goods sold, &c., and general money counts.

On defendant's motion, the Court directed a *nonsuit* of the plaintiff to be entered, to which order the plaintiff excepted.

*Tapley & Smith,* in support of the exceptions.

*Appleton & Goodenow, contra.*

The opinion of the Court was drawn up by

Davis, J. — The defendant, Joseph E. Willard, gave the plaintiff a written agreement, dated Jan. 15, 1853, of which the following is a copy : —

" Let my brother, Evat Willard, have what corn and flour he may want, on commission, and I will be responsible for the amount sold by him, for you, on commission."

Upon this agreement the plaintiff delivered to Evat Willard corn and flour to a large amount, the date of the last delivery being May 12, 1853. He testified, at the trial, that he " *sold* the goods, on the credit of the defendant." The action is assumpsit for goods sold and delivered. Some payments were made by Evat Willard, the last of which was Nov. 6, 1855. The writ is dated Oct. 4, 1859. One of the defences is the statute of limitations.

The contract of the defendant was not for the *purchase* of goods. He neither bought any corn and flour himself, nor did he authorize the plaintiff *to sell* to his brother, on his account. But he proposed to the plaintiff, if he would make his brother an agent, to sell corn and flour *for him,* he, the defendant, would be responsible for the amount so sold. The defendant limited the terms and conditions of his responsibility; and the plaintiff could claim nothing without conforming to them.

If Evat Willard had been a factor of the plaintiff, and had sold goods for him, a suit could not have been maintained for the proceeds without a previous demand. And the statute of limitations would have begun to run from the date of such demand. But, in this case, no such demand is alleged, or proved. It is obvious that there are no data for applying this defence. The right of action never accrued.

Neither count charges the defendant for any liability incurred by Evat Willard as an agent of the plaintiff; nor would the evidence support such an action. The transaction was not within the terms of the defendant's agreement; and the nonsuit was properly ordered.

*Exceptions overruled.*

APPLETON, CUTTING, MAY and GOODENOW, JJ., concurred.